UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA

KEITH-DESMOND PORTER and
WE THE PEOPLE,

CASE NO: 14-CV-62817

    Petitioner,

vs.

MAINLANDS SECTIONS 1 & 2 CIVIC
ASSOCIATION, INC., et al, A Florida
not-for-profit corporation, MIKE WEST,
individually and as President for
MAINLANDS SECTIONS 1 & 2 CIVIC
ASSOCIATION, INC., et al, KARAN S.
SULLIVAN, et al, GRACIELA I.
LIVINGSTON, et al, FERDNINAND &
SULLIVAN, P.A., et al., DAVID
ROSENDAHL, individually and as
President for MAINLANDS SECTIONS
1 & 2 CIVIC ASSOCIATION, INC., et al,
JON L. FERDNINAND, et al, DOE's 1-20,

    Respondents.
_____/

**MOTION BY DEFENDANTS, MAINLANDS SECTIONS 1 & 2 CIVIC
ASSOCIATION, INC., MIKE WEST, KAREN M. SULLIVAN, GRACIELA I.
LIVINGSTON, FERDINAND & SULLIVAN, P.A., DAVID ROSENDAHL,
DOE's 1-20, TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS**

Pursuant to L.R.7.1, Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure, Defendants, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC., MIKE WEST, KAREN M. SULLIVAN (incorrectly spelled Karan S. Sullivan), GRACIELA I. LIVINGSTON, FERDINAND & SULLIVAN, P.A.(incorrectly spelled Ferdninand And Sullivan, P.A.), DAVID ROSENDAHL, and DOES 1 - 20, move for an Order quashing the purported service of process on

1

them, and dismissing Plaintiff, KEITH-DESMOND PORTER'S and WE THE PEOPLE'S, Complaint (DE 1) as to Defendants, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC., MIKE WEST, KAREN M. SULLIVAN, GRACIELA I. LIVINGSTON, FERDINAND & SULLIVAN, P.A., DAVID ROSENDAHL, and DOES 1 - 20, for insufficient service of process. In support Defendants state:

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

1. The above-named Defendants moving to quash service were not properly served process in this suit.

2. On December 15, 2014, a woman who was not a licensed process server but who identified herself as a "friend of the Plaintiff," served a summons and complaint on Defendants, KAREN M. SULLIVAN and FERDINAND & SULLIVAN, P.A.. The woman stated that she was not licenced and had no credentials but "was just doing this for a friend." *See* affidavit of Karen M. Sullivan attached hereto as Exhibit "1," and incorporated by reference herein.

3. On December 17, 2014, upon information and belief, the same woman, served a summons and complaint on Defendants, GRACIELA I. LIVINGSTON and DAVID ROSENDAHL. The summons and complaint purportedly served on Defendant, GRACIELA I. LIVINGSTON was delivered to a secretary at Ms. Livingston's office and was not served personally on Ms. Livingston.

4. On December 23, 2014, upon information and belief, the same woman left a copy of one summons and one complaint for MIKE WEST, one summons and one complaint for DOE'S 1 - 20, and one summons and one complaint for MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC., on the desk of an administrative assistant at the administrative offices of Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC. *See* affidavit of Patrice Cobb attached hereto as Exhibit "2," and incorporated by reference herein.

6. Ms. Cobb is not an officer or other agent or representative of MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC., authorized to receive process on behalf of said corporation.

7. The proofs of service filed in this case (DE 8 - 14) all reflect that a "Third Party Witness," signing as "Lorna Luckie," served the process on each of the seven Defendants referenced above.

8. The proof of service for Defendant, MAINLANDS, reflects that it was served on Patrice Cobb. (DE 9).

9. The proof of service for Defendant, GRACIELA I. LIVINSGTON, reflects that it was served on Andrea Abkowitz. (DE 10).

10. The proof of service for Defendant, DOES 1 - 20, reflects that it was served on Patrice Cobb. (DE 11).

11. The proof of service for Defendant, MIKE WEST, reflects that it was served on Patrice Cobb. (DE 13).

12. The proof of service for Defendant, FERDINAND & SULLIVAN, P.A., reflects that it was served on Karen M. Sullivan individually. (DE 14).

ARGUMENT AND MEMORANDUM OF LAW

13. Defendants were not served according to Fed. R. Civ. P. 4(e)(1) which provides for service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Florida law, service

> is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place

3

of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla.Stat. § 48.031 (1)(a).

14. Defendants, GRACIELA I. LIVINGSTON, MIKE WEST, and DOES 1 -20, were not served personally or at their usual places of abode on another person who resides there.

15. The proof of service for Defendant, GRACIELA I. LIVINGSTON, states that service was made upon Andrea Abkowitz as a person designated by law to accept service on behalf of an unnamed organization. The proof does not state that service was made at Ms. Livingston's abode, which it was not.

16. Further, and on behalf of Defendants, MIKE WEST and DOE'S 1 - 20, process was effected by leaving a copy of one summons and one complaint for MIKE WEST, and one summons and one complaint for DOE'S 1 - 20, on the desk of an administrative assistant at the administrative offices of Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC. *See* affidavit of Patrice Cobb attached hereto as Exhibit "2," and incorporated by reference herein.

17. Further, Florida law also provides that "process shall be served by the sheriff of the county where the person to be served is found, except initial nonenforceable civil process [....] may be served by a special process server appointed by the sheriff as provided for in this section or by a certified process server as provided for in ss. 48.25-48.31." *See* Fla. Stat. § 48.02(1). Sections 48.25-48.31, in turn, provide for certification of process servers by the "circuit court administrator and the clerk of the court in each county in the circuit." *See* Fla. Stat. §48.29(1).

18. The person who delivered the process in this case to the above-named Defendants was a woman who was not a licensed process server but was merely a friend of the Plaintiff. In response to a request to view her process server credentials by Defendant, KAREN M. SULLIVAN, the

4

woman stated that she was not licenced and had no credentials but "was just doing this for a friend." *See* affidavit of Karen M. Sullivan attached hereto as Exhibit "1," and incorporated by reference herein.

19. No process server license number or other credentials are referenced on the proofs of service and Lorna Luckie listed herself as a "Third Party Witness" on each proof.

20. Further, and on behalf of Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC, process was not effected by service upon an officer or other authorized representative of the corporation, but by leaving a copy of one summons and one complaint for Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC, on the desk of an administrative assistant at the administrative offices of Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC. *See* affidavit of Patrice Cobb attached hereto as Exhibit "2," and incorporated by reference herein.

21. Finally, with respect to Defendant, FERDINAND & SULLIVAN, P.A., the proof of service does not state that it was served on any person designated by law to accept service on behalf of said company but, instead, states that it was served on the individual Karen M. Sullivan. (DE 14).

22. As the proofs of service filed with the Court by Plaintiff and the affidavits of KAREN M. SULLIVAN and PATRICE COBB, show, the person who served process in this suit was not a licensed process server under Florida law, nor was the process delivered individually to Defendants, GRACIELA I. LIVINGSTON, MIKE WEST, DOES 1 - 20, nor was the process delivered to any authorized or designated representative of Defendant, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC.. Consequently, the Court lacks in personam jurisdiction over each of the seven above-referenced Defendants. "It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157,

1159 (5th Cir. 1979)[1]

23. Defendants additionally request that upon the dismissal of the Complaint that the "Notice of Pendency of Action" filed in the Official Records of Broward County, Florida, OR Book 51308, Page 332 & 333, which appears to be Plaintiff's attempt at recording a Lis Pendens, be dismissed and discharged by Order of this Court. A copy of Plaintiff's Notice of Pendency of Action is attached hereto as Exhibit "3."

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, MAINLANDS SECTIONS 1 & 2 CIVIC ASSOCIATION, INC., MIKE WEST, KAREN M. SULLIVAN, GRACIELA I. LIVINGSTON, FERDINAND & SULLIVAN, P.A., DAVID ROSENDAHL, and DOES 1 - 20, request that Plaintiff's attempts at service of process on them be quashed and that the Complaint (DE1), as to said Defendants, be dismissed for insufficient service of process in accordance with Rule 12(b)(5). Further, Defendants request that Plaintiff's "Notice of Pendency of Action" be dismissed and discharged by Order of this Court.

Dated: December 31, 2014

    RESPECTFULLY SUBMITTED,

    FERDINAND & SULLIVAN, P.A.
    Attorneys for Defendants, Mainlands, West, Sullivan, Ferdinand & Sullivan, Rosendahl and Does 1 - 20
    441 S. State Road 7, Suite 20
    Margate, Florida 33068
    Fsflalaw@bellsouth.net

---

[1] Decisions of the former Fifth Circuit are binding in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F. 2d 1206 (11th Cir. 1981) en banc).

Telephone: (954) 977-4004
Fascimile: (954)977-4141

By: _____
KAREN M. SULLIVAN, ESQ.
FLORIDA BAR NO. 441082

## CERTIFICATE OF SERVICE

I CERTIFY that on the 31st day of December, 2014, copies hereof were furnished by postal mail to Keith Desmond Porter. P. O. Box 15031, Fort Lauderdale, Florida 33318.

RESPECTFULLY SUBMITTED,
FERDINAND & SULLIVAN, P.A.
Attorneys for Defendants, Mainlands, West, Sullivan, Ferdinand & Sullivan, Rosendahl and Does 1 - 20
441 S. State Road 7, Suite 20
Margate, Florida 33068
Fsflalaw@bellsouth.net
Telephone: (954) 977-4004
Fascimile: (954)977-4141

By: _____
KAREN M. SULLIVAN, ESQ.
FLORIDA BAR NO. 441082